UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST,<br><br>       *Plaintiff*,<br><br>   v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>       *Defendant*. | Civil Action No. 22-1246 (CJN) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

DOUGLAS C. DREIER, D.C. Bar No. 1020234
Assistant United States Attorney – Civil Division
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W., Washington, D.C. 20530
(202) 252-2551
douglas.dreier@usdoj.gov

*Counsel for Defendant*

# TABLE OF CONTENTS

BACKGROUND .................................................................................................................... 1

LEGAL STANDARD............................................................................................................. 2

ARGUMENT .......................................................................................................................... 3

    I.   The Meaning of the Term "Reasonably Describes" as Used in FOIA................................. 4

    II.  Plaintiff's FOIA Request is Too Vague and Overbroad to Reasonably Describe the Records Sought.................................................................................................................... 6

CONCLUSION....................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*AFGE v. Dep't of Com.*,
   632 F. Supp. 1272 (D.D.C. 1986) ............................................................................... 7

*Am. Ctr. for Law & Just. v. DHS*,
   Civ. A. No. 21-1364 (TNM), 2021 WL 5231939 (D.D.C. Nov. 10, 2021) .............................. 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................................... 2

*Assassination Archives & Rsch. Ctr. v. CIA*,
   720 F. Supp. 217 (D.D.C. 1989) ................................................................................... 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................... 2-3

*Borden v. FBI*,
   27 F.3d 554 (1st Cir. 1994) ........................................................................................... 5

*Bristol-Myers Co. v. FTC*,
   424 F.2d 935 (D.C. Cir. 1970) ..................................................................................... 4

*Chiquita Brands Int'l, Inc. v. SEC*,
   805 F.3d 289 (D.C. Cir. 2015) ..................................................................................... 5

*Citizens for Responsibility & Ethics in Wash. v. FEC*,
    711 F.3d 180 (D.C. Cir. 2013) ................................................................................................ 3

*Dale v. IRS*,
    238 F. Supp. 2d 99 (D.D.C. 2002) ................................................................................. 5, 6, 8

*Evans v. Bureau of Prisons*,
    951 F.3d 578 (D.C. Cir. 2020) ................................................................................................ 3

*FCC v. AT&T Inc.*,
    562 U.S. 397 (2011) ................................................................................................................ 5

*Freedom Watch v. Dep't of State*,
    925 F. Supp. 2d 55 (D.D.C. 2013) .......................................................................................... 7

*Irons v. Schuyler*,
    465 F.2d 608 (D.C. Cir. 1972) ................................................................................................ 4

*Jud. Watch, Inc. v. Export-Import Bank*,
    108 F. Supp. 2d 19 (D.D.C. 2000) ...................................................................................... 6-7

*Krohn v. Dep't of Just.*,
    628 F.2d 195 (D.C. Cir. 1980) ................................................................................................ 6

*Marshall Cnty. Health Care Auth. v. Shalala*,
    988 F.2d 1221 (D.C. Cir. 1993) .............................................................................................. 3

*Massachusetts v. Dep't of Health & Human Servs.*,
    727 F. Supp. 35 (D. Mass. 1989) ............................................................................................ 7

*McKinley v. FDIC*,
    807 F. Supp. 2d 1 (D.D.C. 2011) ............................................................................................ 7

*Nat'l Sec. Counselors v. CIA*,
    898 F. Supp. 2d 233 (D.D.C. 2012) ........................................................................................ 3

*Papasan v. Allain*,
    478 U.S. 265 (1986) ................................................................................................................ 3

*Roman v. CIA*,
    Civ. A. No. 11-5944 (JFB), 2013 WL 210224 (N.D.N.Y. Jan. 18, 2013) ........................... 7-8

*Truitt v. Dep't of State*,
    897 F.2d 540 (D.C. Cir. 1990) ................................................................................................ 4

**Statutes**

5 U.S.C. § 552 ................................................................................................................ 1, 2, 3, 4

Pub. L. No. 90-23, 81 Stat. 54 (1967) ............................................................................................. 4

Pub. L. No. 93-502, 88 Stat. 1561 (1974) ......................................................................................4

**Rules**

Fed. R. Civ. P. 12 ........................................................................................................ 1, 2, 3

Plaintiff Protect the Public's Trust instituted this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel Defendant U.S. Department of Homeland Security (the "Department") to produce records responsive to its FOIA request, which seemingly pertains to the Secretary of Homeland Security's travel and calendar. Plaintiff's FOIA request, however, fails to reasonably describe the records sought, which is a prerequisite to the Department's duty to act on a FOIA request. Plaintiff's failure to allege a plausible FOIA violation requires dismissal of its Complaint for failure to state a claim. Accordingly, the Court should grant the Department's motion to dismiss.

## BACKGROUND

On December 22, 2021, Plaintiff sent the Department an 8-page FOIA request. Pl.'s FOIA Request (ECF No. 1-1). The FOIA request enumerates four categories of records before proceeding to expand the request further:

> 1. Meeting Requests: All records for meeting requests, meeting memos, briefing documents schedules, communications, and *any other records related to* the submission, consideration, approval, and scheduling of meeting requests for meetings with Secretary Mayorkas. This should include *but not be limited to* records and communications relating to meeting approvals from the Department Ethics Office/Office of the General Counsel.
>
> 2. External Communications: Any and all communications, documents, and other records to, from, or between a party outside the federal government and any employee of the Office of the Secretary *relating to* secretarial meeting requests. This includes those communications where such an employee is copied on an email with an outside entity or sends or receives an email where an outside (non-governmental) party is corresponding with an official at the Department of Homeland Security ("DHS").
>
> 3. Travel Records: All records *relating to* all official travel undertaken by Secretary Mayorkas and Immediate Office of the Secretary political appointees accompanying his [*sic*] on official travel. These records should include, *but not be limited to*, travel requests or invitations, travel briefings or memos, meetings, calendars, or schedules relating to such travel; travel authorizations; itineraries; vouchers; Department Ethics Office/Office of the General Counsel approval; and disposition of any gifts received or purchases made while on official travel.

4. Building visitor logs for any and all visitors since 12:00pm on January 20, 2021 to the DHS headquarters building *for meetings with Secretary Mayorkas or any officials* in the Office of the Secretary.

For this request, the term "*all records*" refers to, *but is not limited to*, any and all documents, correspondence, emails, text messages, letters, notes, telephone records, telephone notes, minutes, memoranda, comments, files, presentations, consultations, biological opinions, assessments, evaluations, schedules, telephone logs, digital logs such as those produced by Microsoft Teams, papers published, and/or unpublished, reports, studies, photographs and other images, data (including raw data, GPS or GIS data, UTM, LiDAR, etc.), maps, and/or all other responsive records, in draft or final form.

*This request is not meant to exclude any other request that, although not specifically requested, are reasonably related to the subject matter of this request.* If you or your office have destroyed or determine to withhold any records that could be reasonably construed to be responsive to this request, I ask that you indicate this fact and the reasons therefore in your response.

*Id*. at 1–2 (emphasis added).

The Department acknowledged receipt of Plaintiff's FOIA request on December 22, 2021. Compl. ¶ 9. Plaintiff states that "the Department has not made a determination of whether it will comply with Plaintiff's request." Compl. ¶ 16.

On May 5, 2022, Plaintiff sued the Department. Plaintiff alleges in its one-count Complaint that the Department is wrongfully withholding non-exempt responsive records. Compl. ¶¶ 19–25. Among other things, Plaintiff asks this Court to order the Department "to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to [Plaintiff's] FOIA request." *Id*. at Prayer for Relief.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint where a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. *Id.* Nevertheless, a court is not required to accept as true conclusory allegations or unwarranted factual deductions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, the focus is on the language in the complaint and whether that sets forth sufficient factual allegations to support Plaintiff's claim for relief.

Key here, whether a FOIA request "reasonably describes" the records sought "is a purely legal question of statutory interpretation," and "'there is no inherent barrier'" in resolving that legal question on a Rule 12(b)(6) motion to dismiss. *Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 274 (D.D.C. 2012) (quoting *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993)).

## ARGUMENT

FOIA states that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). A plaintiff fails to state a FOIA claim if its FOIA request fails to reasonably describe the records sought. *See Evans v. Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020) ("Under FOIA, an agency is only obligated to release nonexempt records if it receives a request that 'reasonably describes such records.'") (quoting 5 U.S.C. § 552(a)(3)(A)); *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 185 n.3 (D.C. Cir. 2013) ("Of course, the duties that FOIA imposes on agencies . . . apply only once an agency has received a proper

FOIA request.  A proper request must 'reasonably describe[ ]' the records sought[.]") (quoting 5 U.S.C. § 552(a)(3)(A)).

I. **The Meaning of the Term "Reasonably Describes" as Used in FOIA.**

In 1974, Congress amended FOIA to require that requests be reasonably described.  Pub. L. No. 93-502, § 1(b)(1), 88 Stat. 1561 (1974) (requiring that FOIA requests must "reasonably describe[]" the records sought).  Pre-1974, Congress had used the more nebulous phrase of "identifiable records."  Pub. L. No. 90-23, 81 Stat. 54 (1967).  Yet even before the 1974 amendment, the D.C. Circuit held that the older "identifiable records" requirement likewise "calls for a reasonable description enabling the Government employee to locate the requested records." *Irons v. Schuyler*, 465 F.2d 608, 612 (D.C. Cir. 1972) (internal quotation marks omitted) (quoting *Bristol-Myers Co. v. FTC*, 424 F.2d 935, 938 (D.C. Cir. 1970)).  Accordingly, the D.C. Circuit held that a request—for "all unpublished manuscript decisions of the Patent Office, together with such indices as are available"—was not a request for "identifiable records" because "the contours of the records . . . described are so broad in the context of the Patent office files as not to come within a reasonable interpretation of 'identifiable records.'"  *Id*. at 610, 613.

Congress's insertion of the term "reasonably describes" in place of "request for identifiable records" effectively adopted the D.C. Circuit's analysis.  *See Truitt v. Dep't of State*, 897 F.2d 540, 544 (D.C. Cir. 1990).  The House Judiciary Committee explained that a description of a requested document would be sufficient only "if it enabled a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort."  H. Rep. No. 93-876 at 125–26.

The Attorney General's Memorandum on the 1974 Amendments to FOIA promulgated by Attorney General Edward H. Levi (the "Attorney General's Memorandum") in 1975[1] contains the Executive Branch's contemporaneous interpretation of the 1974 amendments to FOIA, which the Supreme Court and the D.C. Circuit have viewed as "a reliable guide in interpreting FOIA." *Chiquita Brands Int'l, Inc. v. SEC*, 805 F.3d 289, 295–96 (D.C. Cir. 2015) (quoting *FCC v. AT&T Inc.*, 562 U.S. 397, 409 (2011)).  The Attorney General's Memorandum explains that the "reasonably describes" language means that "[i]It is not enough that the request provide enough data to locate the record; it must enable it to be located in a manner which does not involve an unreasonable amount of effort."  Attorney General's Mem. at 23.

Notably, whether a request is reasonably described is an objective test, and courts are equipped to make this determination by resort to the FOIA request alone.  *See Dale v. IRS*, 238 F. Supp. 2d 99, 105 (D.D.C. 2002) (noting that document request was deficient "on its face").  In other words, agencies need not introduce evidence showing that, based on a particular document request, *their* professionals are incapable of locating the requested records with a reasonable amount of effort.  *See Borden v. FBI*, 27 F.3d 554 (table), No. 94-1029, 1994 WL 283729, at *1 (1st Cir. June 28, 1994) (per curiam) ("[T]he request . . . does not reasonably describe the records sought.  Since the complaint shows on its face that the plaintiff did not present a proper request, we need not consider defendant's remaining arguments.") (citations omitted).  The inquiry focuses on whether the request is objectively reasonably described.  *Dale*, 238 F. Supp. 2d at 105.

---

[1]  The Attorney General's Memorandum was reprinted in the House Committee on Government Operations and Senate Committee on the Judiciary, *Freedom of Information Act and Amendments of 1974 (P.L. 93-502)*, 94th Cong., 1st Sess., 507, 518–19 (Jt. Comm. Print 1975).

**II.      Plaintiff's FOIA Request is Too Vague and Overbroad to Reasonably Describe the Records Sought.**

The vagueness and overbreadth of Plaintiff's FOIA request render the request fatally flawed. The first three subparts of the request seek "all records relating to" (1) the submission, consideration, approval, and scheduling of meeting requests for meetings with Secretary Mayorkas, (2) secretarial meeting requests, and (3) all official travel undertaken by Secretary Mayorkas and Immediate Office of the Secretary political appointees accompanying his on official travel, respectively. FOIA Request (ECF No. 1-1) at 1. The term "all records" is "defined" to include at least 27 categories of things (including the more mundane "documents" and "emails," but also something called "biological opinions"), but then is expanded by a note that stipulates that these categories of records are "not limited to" the foregoing. *Id.* at 2. The definition is also circular as "all records" is explicitly defined to include "all other responsive records." *Id.* Meanwhile, the fourth subpart of the request seeks building visitor logs for all visitors meeting with the Secretary or any official in the Office of the Secretary, thereby purporting to require the Department to identify everyone who counts as an official in the Office of the Secretary from January 20, 2021, to the present, identify everyone who met with those officials during that period, and then cross-check its visitor logs to identify those entries. *Id.* Moreover, the four enumerated subparts are not the end of the request. *Id.* Instead, the request states that, notwithstanding the four enumerated subparts, these are "not meant to exclude any other request that, although not specifically requested, are reasonably related to the subject matter of this request." *Id.*

Such a vague and overbroad request is impermissible. *See, e.g.*, *Krohn v. Dep't of Just.*, 628 F.2d 195, 198 (D.C. Cir. 1980) (holding that the request was "fatally flawed by lack of a reasonable description" because the request was "too vague"); *Jud. Watch, Inc. v. Export-Import Bank*, 108 F. Supp. 2d 19, 27 (D.D.C. 2000) ("[I]t is the requester's responsibility to frame requests

with sufficient particularity[.]") (quoting *Assassination Archives & Rsch. Ctr. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989)).  The Court's decision in *Freedom Watch v. Department of State*, 925 F. Supp. 2d 55 (D.D.C. 2013), is instructive.  In that case, the plaintiff sent the defendant agencies a FOIA request it claims was for "'all' records that 'relate to'" "information about waivers the Department of State may have granted to citizens, corporations, or other countries to trade with Iran despite very tough sanctions against that country to prevent its development of nuclear missiles." *Id*. at 57, 61.  The defendant agencies maintained that "the FOIA requests . . . did not reasonably describe the records sought." *Id*. at 60-61.  The Court agreed. *Id*. at 61.

The Court reasoned that "[t]he requests failed to identify the documents sought with any modicum of specificity and were thus fatally overbroad and burdensome." *Id*.  "[S]ince the requests asked for 'all' records that 'relate to' each subject area, . . . they were inevitably 'subject to criticism as overbroad since life, like law, is a seamless web, and all documents relate to all others in some remote fashion.'" *Id*. (quoting *Massachusetts v. Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n.2 (D. Mass. 1989)).  To give one example, the request "sought 'all' records that 'refer or relate to' '[w]aivers or other exceptions to international sanctions granted to any country that has relations with' China, Venezuela, or Russia," which the Court found to fail to reasonably describe the records sought. *Id*. at 62; *see also* FOIA Request (ECF No. 1-1) at 1–2 (similarly using "all records relating to" language).

Like in *Freedom Watch*, the description of the records requested here does not permit the Department to locate responsive records with a reasonable amount of effort.  "Instead, the language is analogous to requests for records that relate 'in any way' to a person or event, which courts have repeatedly found to be overly broad and unreasonable." *McKinley v. FDIC*, 807 F. Supp. 2d 1, 7 (D.D.C. 2011) (citing cases).  Such "[b]road, sweeping requests lacking specificity are not

permissible." *AFGE v. Dep't of Com.*, 632 F. Supp. 1272, 1277–78 (D.D.C. 1986); *see also Roman v. CIA*, Civ. A. No. 11-5944 (JFB), 2013 WL 210224, at *6 (N.D.N.Y. Jan. 18, 2013) (finding "Plaintiff's requests for 'all files and/or reports' on 'Arch of the Covenant,' and 'military or non-military reports of angels and persons dressed in white' are not specific enough for an employee of the agency to find all files regarding this information with a 'reasonable amount of effort'") (quoting *Dale*, 238 F. Supp. 2d 105). This is particularly the case here, where the FOIA request uses the problematic "all records relating to" language and then states that the request is "not meant to exclude any other request that, although not specifically requested, are reasonably related to the subject matter of this request." FOIA Request (ECF No. 1-1) at 1–2.

As explained, Congress inserted the term "reasonably describes" in Section 3 of FOIA to require FOIA requests to be sufficiently defined. *Am. Ctr. for Law & Just. v. DHS*, --- F. Supp. 3d ---, Civ. A. No. 21-1364 (TNM), 2021 WL 5231939, at *8 (D.D.C. Nov. 10, 2021). "FOIA envisions that applicants will reasonably describe the records they seek, and agencies are entitled to demand it." *Id.* Because Plaintiff failed to reasonably describe the records it seeks, the Court should grant the Department's motion and dismiss this case.

## CONCLUSION

For the foregoing reasons, the Department respectfully requests that the Court grant its motion to dismiss.

\*   \*   \*

Dated: June 6, 2022                    Respectfully Submitted,

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      /s/ *Douglas C. Dreier*
DOUGLAS C. DREIER, D.C. Bar No. 1020234
Assistant United States Attorney – Civil Division
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C.  20530
(202) 252-2551
douglas.dreier@usdoj.gov

*Counsel for Defendant*