UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST, | |
| *Plaintiff*, | |
| v. | Civil Action No. 22-1246 (CJN) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | |
| *Defendant*. | |

## **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

DOUGLAS C. DREIER, D.C. Bar No. 1020234
Assistant United States Attorney – Civil Division
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C.  20530
(202) 252-2551
douglas.dreier@usdoj.gov

*Counsel for Defendant*

## TABLE OF CONTENTS

ARGUMENT ................................................................................................................... 1

   I.   DHS's Attempt to Go Above and Beyond Its Obligations by Attempting a Search Does Not Relieve Plaintiff from Its Statutory Requirements. ............................................................. 1

  II.  Plaintiff's FOIA Request is Too Vague and Overbroad to Reasonably Describe the Records Sought ................................................................................................................................. 6

 III. This Issue Can and Should Be Resolved on a Motion to Dismiss. ................................... 12

CONCLUSION ............................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**                                                                            **Page(s)**

*Am. Ctr. for Law & Just. v. Dep't of Homeland Sec.*,
   Civ. A. No. 21-1364 (TNM), 2021 WL 5231939 (D.D.C. Nov. 10, 2021) ............................. 4

*Charles v. United States*,
   Civ. A. No. 21-1983 (BAH), 2022 WL 951242 (D.D.C. Mar. 30, 2002) ........................... 3, 4

*Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*,
   711 F.3d 180 (D.C. Cir. 2013) ...................................................................................... 2, 3, 4

*Dale v. IRS*,
   238 F. Supp. 2d 99 (D.D.C. 2002) ........................................................................................ 1

*Dawson Chem. Co. v. Rohm & Haas Co.*,
   448 U.S. 176 (1980) .............................................................................................................. 5

*Eichstadt v. Astrue*,
   534 F.3d 663 (7th Cir. 2008) ............................................................................................. 4-5

*Evans v. Bureau of Prisons*,
   951 F.3d 578 (D.C. Cir. 2020) ........................................................................................... 12

*Gun Owners of Am., Inc. v. FBI*,
   Civ. A. No. 21-1601 (JDB), 2022 WL 856388 (D.D.C. Mar. 23, 2022) ............................ 6, 8

*Keeping Gov't Beholden, Inc. v. Dep't of Just.*,
   Civ. A. No. 17-1569 (FYP), 2021 WL 5918627 (D.D.C. Dec. 13, 2021) ............................... 7

*Kisor v. Wilkie*,
   139 S. Ct. 2400 (2019) ........................................................................................... 5, 6

*Marshall Cnty. Health Care Auth. v. Shalala*,
   988 F.2d 1221 (D.C. Cir. 1993) .................................................................................. 12

*McKinley v. FDIC*,
   807 F. Supp. 2d 1 (D.D.C. 2011) .................................................................................. 7

*Nat'l Sec. Counselors v. CIA*,
   898 F. Supp. 2d 233 (D.D.C. 2012) .............................................................................. 12

*New Orleans Workers' Ctr. for Racial Just. v. ICE*,
   373 F. Supp. 3d 16 (D.D.C. 2019) ................................................................................. 5

**Statutes**

5 U.S.C. § 552 ............................................................................................................. 1, 2, 3, 12

**Other**

6 C.F.R. § 5.3 ............................................................................................................... 4, 5, 6
28 C.F.R. § 25.6 ............................................................................................................... 8
Fed. R. Civ. P. 12 ............................................................................................................ 12
LCvR 7 ............................................................................................................................ 1

Pursuant to Local Civil Rule 7(d), Defendant U.S. Department of Homeland Security ("DHS") respectfully files this reply in support of Defendant's Motion to Dismiss.

**ARGUMENT**

**I.     DHS's Attempt to Go Above and Beyond Its Obligations by Attempting a Search Does Not Relieve Plaintiff from Its Statutory Requirements.**

The primary argument in Plaintiff's opposition is that—because DHS informed Plaintiff that certain offices had attempted to conduct searches and stated that its "general expectation is that [it] will be able to send [Plaintiff] a final response within three to four months," but that "this estimate may change dramatically based on the volume of work associated with [DHS's] expedited COVID-19 requests and on the types of records that the program offices provide [to DHS's Privacy Office] for [Plaintiff's] request"—DHS is now somehow foreclosed from arguing that Plaintiff's request fails to reasonably describe the records sought.  Pl.'s Opp'n (ECF No. 6) at 4, 6–8.  This is not the law and with good reason, as if it were the law, it would create the wrong incentives for agencies responding to Freedom of Information Act ("FOIA") requests.  *See Dale v. IRS*, 238 F. Supp. 2d 99, 105 (D.D.C. 2002) ("The complaint is thus fairly subject to dismissal on that basis [*i.e.,* the request's failure to reasonably describe the records sought] notwithstanding the later success of the IRS search efforts[.]").  Plaintiff's reading of the law would encourage agencies not to attempt to process requests to the best of their abilities (as attempting to process these requests could then be treated as a waiver of the agencies' valid legal defenses), and it would result in more FOIA cases inundating this Court.

There is no duty to confer in this Court before filing a dispositive motion.  LCvR 7(m).  Plaintiff's argument that FOIA's statutory text separately imposes a duty to confer upon receiving a FOIA request that fails to reasonably describe the records requested is foreclosed by D.C. Circuit precedent.  *See* Pl.'s Opp'n at 16 (citing 5 U.S.C. § 552(a)(6)(B)(ii)).  Within the FOIA context,

the duties imposed by 5 U.S.C. § 552(a)(6) begin only upon a requestor making a proper FOIA request.  *See Citizens for Resp. & Ethics in Wash. ("CREW") v. Fed. Election Comm'n*, 711 F.3d 180, 184 (D.C. Cir. 2013) (noting that "once an agency receives a proper FOIA request, the agency shall: 'determine within 20 days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor") (quoting 5 U.S.C. § 552(a)(6)(A)(i)).  The D.C. Circuit has ruled on this issue already, and that holding is consistent with the statutory text.  *See id.* at 185 n.3 ("Of course, the duties that FOIA imposes on agencies—including the requirement that an agency make a 'determination' within 20 working days, or 30 working days in 'unusual circumstances'—apply only once an agency has received a proper FOIA request.  A proper request must 'reasonably describe[ ]' the records sought[.]").

Section 552(a)(3) provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person."  5 U.S.C. § 552(a)(3)(A).  Section 552(a)(6)(A) then imposes various obligations on agencies that receive requests that comply with Section 552(a)(3).  *See id.* § 552(a)(6)(A) ("Each agency, upon any request for records made under paragraph (1),[1] (2),[2] or (3) of this subsection, shall" comply with various obligations.).  A request that fails to reasonably describe the records requested does not constitute a request under Paragraph (3) (and the other two

---

[1]     Paragraph (1) refers to requirements that agencies publish certain guidance in the Federal Register.  5 U.S.C. § 552(a)(1).

[2]     Paragraph (2) refers to requirements that agencies make available final opinions and orders in the adjudication of cases, statements of policy, administrative staff manuals and instructions, copies of records previously released under Paragraph (3), and an index of records previously released.  5 U.S.C. § 552(a)(2).

paragraphs are inapplicable, as noted in the footnotes below).  5 U.S.C. § 552(a)(3)(A).  Section 552(a)(6)(B)(i) permits agencies to extend the time limits imposed by Section 552(a)(6)(A) when unusual circumstances are met, but its obligations likewise apply only when the requester has made a proper FOIA request.  *See CREW*, 711 F.3d at 185 n.3 ("Of course, the duties that FOIA imposes on agencies—including the requirement that an agency make a 'determination' within 20 working days, or 30 working days in 'unusual circumstances'—apply only once an agency has received a proper FOIA request.").  And Paragraph (6)(B)(ii), which includes the duty to confer upon which Plaintiff relies, applies only when Paragraph (6)(B)(i) is triggered, *see* 5 U.S.C. § 552(a)(6)(B)(ii) (applying only "[w]ith respect to a request for which a written notice under clause (i) extends the time limits prescribed under clause (i) of subparagraph (A)"); indeed, the D.C. Circuit has noted that "[o]f course" this is the correct interpretation of the statute.  *CREW*, 711 F.3d at 185 n.3.  Thus, because Plaintiff did not submit a proper FOIA request, the conferral requirements of 5 U.S.C. § 552(a)(6)(B)(ii) are inapplicable here.  *Id.*

Plaintiff relies extensively on one District Court decision in an effort to contradict the D.C. Circuit's conclusion.  *See* Pl.'s Opp'n at 16–21 (discussing at length *Charles v. United States*, Civ. A. No. 21-1983 (BAH), 2022 WL 951242 (D.D.C. Mar. 30, 2002)).  Any conclusion in *Charles* that FOIA itself imposes a duty to confer on an improper FOIA request would be pure dicta and does not comply with D.C. Circuit precedent—in particular, it is inconsistent with *CREW*, which is a decision that *Charles* does not cite.  In *Charles*, the Court found that the FOIA request did not fail to reasonably describe the records requested.  *See* 2022 WL 951242, at *4 n.7 ("Despite DOJ's strained critique that the targeted subparts of the Request are 'vague,' the full context of the Request belies this characterization.").  Thus, according to *Charles*, the plaintiff had submitted a proper FOIA request.  *Id.*  Any conclusion in *Charles* that FOIA itself imposes a duty to disclose,

*see id.* at *4, must be understood to refer only to there being a duty to confer imposed upon receipt of a proper FOIA request.  *See CREW*, 711 F.3d at 185 n.3.

Moreover, *Charles* focuses on regulations specific to FOIA requests received by the Department of Justice.  *See* 2022 WL 951242, at *5–7.  The FOIA request at issue here was received by DHS, so those regulations are inapplicable, which is why perhaps it is unsurprising that, when the Court was presented by a similar motion filed by DHS in another FOIA action, the Court reached exactly the conclusion that it should reach here:  "A request by the Government to narrow the scope of a FOIA request might be 'permissible.'  It might even be preferable.  But nothing in FOIA requires such an action."  *Am. Ctr. for Law & Just. v. Dep't of Homeland Sec.*, --- F. Supp. 3d ---, Civ. A. No. 21-1364 (TNM), 2021 WL 5231939, at *8 (D.D.C. Nov. 10, 2021) (citation omitted).

Plaintiff's strained reading of DHS's regulation to try to impose a duty to confer is inconsistent with the plain text of that regulation and with DHS's understanding of its own regulation.  6 C.F.R. § 5.3(b)–(c).  The language in DHS's regulation is non-mandatory, and it cannot be reinterpreted as creating a deadline as to when DHS must inform a requester that its request fails to reasonably describe the records sought.  The two provisions Plaintiff relies upon state only that: (1) "If *after receiving a request*, a component determines that it does not reasonably describe the records sought, the component *should* inform the requester what additional information is needed or why the request is otherwise insufficient," *id.* § 5.3(b) (emphasis added); and (2) "[i]f a request does not adequately describe the records sought, DHS *may at its discretion* either administratively close the request or seek additional information from the requester," *id.* § 5.3(c) (emphasis added).  For the former, it merely states what DHS "should" do, not what it "must" do.  *See Eichstadt v. Astrue*, 534 F.3d 663, 667 (7th Cir. 2008) ("Eichstadt relies on [this]

language to argue that the ALJ was required to call a medical expert in her case.  In our view, however, the ruling imposes no such command.  For one thing, it describes something that the ALJ 'should' do, rather than something he or she 'must' do or 'shall' do, implying that the ultimate decision is up to the ALJ.").  For the latter, it gives two options of what DHS "may at its discretion do," and it does not purport to foreclose DHS from taking other options, nor does it require DHS to take either of the options listed.  *See Dawson Chem. Co. v. Rohm & Haas Co.*, 448 U.S. 176, 201 (1980) ("The statute explicitly states that a patentee may do 'one or more' of these permitted acts, and it does not state that he must do any of them.").

Plaintiff cites one case as purporting to interpret DHS's regulation to impose a mandatory duty to confer on an improper FOIA request.  *See* Pl.'s Opp'n at 16–17 (citing *New Orleans Workers' Ctr. for Racial Just. v. ICE*, 373 F. Supp. 3d 16 (D.D.C. 2019)).  That decision, as Plaintiff acknowledges, interpreted a prior iteration of the regulation.  *See New Orleans*, 373 F. Supp. 3d at 33 n.5 (acknowledging "that 6 C.F.R. § 5.3(b) has since been amended to state that if the defendant 'determines that [a request] does not reasonably describe the records sought, . . . [it] *should* inform the requester what additional information is needed or why the request is otherwise insufficient'") (emphasis in original).  In any event, what the Court is presented with today is non-mandatory language that does not impose a requirement to confer before moving to dismiss.

While DHS strongly believes that its regulation's use of the terms "should" and "may at its discretion do" denotes in clear terms that the regulation does not impose a mandatory obligation, if there were any ambiguity in the regulation, it should be resolved in DHS's favor.  *See Kisor v. Wilkie*, 139 S. Ct. 2400, 2414–18 (2019).  If the Court, after careful consideration, concludes that the regulation is "genuinely ambiguous," that DHS's interpretation is "reasonable," that DHS's interpretation of its own regulations as to how to respond to FOIA requests implicates its own

substantive expertise, and that DHS's interpretation reflects "fair and considered judgment," then the Court must defer to DHS's interpretation. *Id.* While DHS believes that its regulation is clear, DHS would be the party entitled to deference as to how to interpret its own regulation if it were genuinely ambiguous, not Plaintiff. *Id.*

Lastly, it bears emphasis that DHS's regulation does not impose any sort of time limit as to when it may inform a requestor that a given request fails to reasonably describe the records sought. 6 C.F.R. § 5.3(b)–(c). DHS has so informed Plaintiff by filing its motion to dismiss in this matter, which carefully explains how Plaintiff's FOIA request fails to reasonably describe the record sought. Given that there is no time limit imposed by the regulation as to when DHS may so inform the requestor, any alleged regulatory deficiency would have been cured by the filing of the motion to dismiss.

## II.   Plaintiff's FOIA Request is Too Vague and Overbroad to Reasonably Describe the Records Sought.

Faced with Defendant's motion to dismiss, Plaintiff now seeks to argue in favor of a FOIA request that it has not submitted. As recognized by one of the two primary authorities upon which Plaintiff relies, "plaintiffs may not rely on . . . their opposition brief to narrow the plain terms of their request." *Gun Owners of Am., Inc. v. FBI*, --- F. Supp. 3d ---, Civ. A. No. 21-1601 (JDB), 2022 WL 856388, at *9 (D.D.C. Mar. 23, 2022). If Plaintiff wishes to submit a new FOIA request, it may do so, but having brought this case to Court, it cannot now retreat from the vague and overbroad FOIA request that it submitted. *See id.* at *5 ("So although plaintiffs' suggestions [for narrowing] are good ones, neither their appeal nor their brief actually limits the scope of their request, which the agency is 'unquestionably bound to read . . . as drafted, not as either agency officials or the requester might wish it was drafted.'") (quotation marks omitted) (quoting *Keeping*

*Gov't Beholden, Inc. v. Dep't of Just.*, Civ. A. No. 17-1569 (FYP), 2021 WL 5918627, at *7 (D.D.C. Dec. 13, 2021), *appeal docketed*, No. 22-5043 (D.C. Cir.)).

The vagueness and overbreadth of Plaintiff's four-part FOIA request is apparent on its face:

| **FOIA REQUEST AS DRAFTED** | **AS REWRITTEN IN THE OPPOSITION** |
|---|---|
| 1. "Meeting Requests: All records for meeting requests, meeting memos, briefing documents schedules, communications, and any other records related to the submission, consideration, approval, and scheduling of meeting requests for meetings with Secretary Mayorkas.  This should include but not be limited to records and communications relating to meeting approvals from the Department Ethics Office/Office of the General Counsel."  (ECF No. 1-1.) | 1.   "Subpart 1 seeks records concerning meeting requests with a single individual, the Secretary of Homeland Security. It also identifies two possible offices that may have responsive records, the Department Ethics Office and the Office of the General Counsel."  (Pl.'s Opp'n at  13.) |

Subpart 1, as drafted, seeks not just meeting requests themselves, but rather "[a]ll records for meeting requests, meeting memos, briefing documents, schedules, communications, and any other records related to the submission, consideration, approval, and scheduling of meeting requests." (ECF No. 1-1.[3])  Courts have repeatedly found other FOIA requests containing similarly broad "relating to" language to be improper.  *See, e.g.*, *McKinley v. FDIC*, 807 F. Supp. 2d 1, 7 (D.D.C. 2011) (collecting cases).

To resolve this case, the Court need not find that such "relating to" language is a categorical bar, as the FOIA request at issue here is particularly egregious.  *See* Def.'s Br. (ECF No. 5-1) at 8 ("This is particularly the case here, where the FOIA request uses the problematic 'all records relating to' language and then states that the request is 'not meant to exclude any other request that, although not specifically requested, are reasonably related to the subject matter of this

---

[3]     Furthermore, while Plaintiff now acts as though its decision to name two specific offices should count in its favor, its request would require Defendant not just to search records in those two offices, but rather is explicitly "not limited to" those two offices.  Pl.'s Opp'n at 13.

request.'").   Here, the request as a whole demonstrates that it fails to reasonably describe the records sought.  *See Gun Owners*, 2022 WL 856388, at \*6 (recognizing, even while rejecting other case law that finds that the use of "relating to" language is a categorical bar, that "many—perhaps even most—requests framed in this way will fail to reasonably describe the records sought" and concluding that two of the three parts of the FOIA request in that case failed to reasonably describe the records sought).   For instance, in *Gun Owners*, the Court found that a request that sought "records related to whether Virginia's voluntary background check system and its implementation complies with 28 C.F.R. Section 25.6" failed to reasonably describe the records sought.  *Id.* at \*8. As the Court explained:

> For instance, the analysis in a hypothetical memo written in 2013 by a Special Agent in the Denver field office regarding the compliance of Colorado's background check regime with 28 C.F.R. § 25.6 would, by most interpretations, be "related to" whether Virginia's later program also complies.  Because Request 3 uses the broad phrase 'related to' rather than a narrower modifier like 'discussing' or 'containing an analysis of,' and because it lacks any temporal or custodial limitation, the FBI, which is 'bound to read [the request] as drafted,' *Miller* [*v. Casey*], 730 F.2d [773,] 777 [(D.C. Cir. 1984)], must construct a search that returns the hypothetical Denver memo as well as records closer to the core of plaintiff's request.  When a FOIA request is framed using the kind of intrinsically expansive terms used in Request 3, these kinds of limitations are far from superfluous—they are essential to give the FBI adequate guidance in locating responsive documents.

*Id.* at \*9–10.  So, too, here.   The request seeks "any other records related to the submission, consideration, approval, and scheduling of meeting requests for meetings with Secretary Mayorkas," which would include not just the meeting requests themselves, but potentially also records describing why the meetings are being requested and underlying materials relevant to those reasons.  ECF No. 1-1.  Thus, Subpart 1 fails to reasonably describe the records sought.

| __FOIA REQUEST AS DRAFTED__ | __AS REWRITTEN IN THE OPPOSITION__ |
|---|---|
| 2.   "External Communications: Any and all communications, documents, and other records to, from, or between a party outside the federal government and any employee of the Office of the Secretary relating to secretarial meeting requests.   This includes those communications where such an employee is copied on an email with an outside entity or sends or receives an email where an outside (non-governmental) party is corresponding with an official at the Department of Homeland Security ("DHS")." (ECF No. 1-1.) | 2.   "[Subpart 2] seeks records from a single office: the Office of the Secretary. It seeks such records regarding a narrow topic: meeting requests with the Secretary of Homeland Security.   And it seeks records involving communications with a limited group of people, people outside of the Department of Homeland Security." (Pl.'s Opp'n at 14.) |

The same conclusion follows for Subpart 2.   Subpart 2, as drafted, seeks all communications, documents, and other records to, from, or between anyone outside the federal government and any of the Office of the Secretary's employees that relate in any way to secretarial meeting requests.   ECF No. 1-1.   Again, a record is responsive so long as it is a communication between the Office of the Secretary and any individual in any state, local, or foreign government or any private individual, "relating to secretarial meeting requests."   *Id.*   There is no reasonably specific way to identify when such an email "relates to" a secretarial meeting request and when it does not.   If, for instance, a state government official sent an email that raised an issue and a meeting was subsequently set to address that issue, would the first email be treated as "relating to" the subsequent secretarial meeting request?   If a local government official sent an email after a meeting that thanked the Secretary for his time, would that email be treated as "relating to" the secretarial meeting request?   If an executive at a company sent an email to state that she was running five minutes late, would that email "relate to" the secretarial meeting request?   The questions go on and on, and thus this Subpart likewise fails to reasonably describe the records sought.

| **FOIA REQUEST AS DRAFTED** | **AS REWRITTEN IN THE OPPOSITION** |
| --- | --- |
| 3.  "Travel Records: All records relating to all official travel undertaken by Secretary Mayorkas and Immediate Office of the Secretary political appointees accompanying his [sic] on official travel.   These records should include, but not be limited to, travel requests or invitations, travel briefings or memos, meetings, calendars, or schedules relating to such travel; travel authorizations; itineraries;   vouchers;   Department   Ethics Office/Office   of   the   General   Counsel approval; and disposition of any gifts received or purchases made while on official travel." (ECF No. 1-1.) | 3.   "[Subpart 3] seeks records related to a specific topic: travel by the Secretary of Homeland Security and the members of the Immediate Office of the Secretary who travel with him. It lists several specific examples of the types of records that would qualify, which in turn provides guidance to Defendant in resolving any "close calls" or "grey areas." And it identifies three offices that are likely to have responsive records: the Immediate Office of the Secretary, the Department Ethics Office, and the Office of the General Counsel." (Pl.'s Opp'n at 14–15.) |

Likewise with Subpart 3.  Subpart 3, as drafted, seeks all records that relate in any way to any official travel undertaken by the Secretary and Immediate Office.  ECF No. 1-1.  It includes, but is not limited to, various broad categories of records.  *Id.*  The request explicitly confirms that it is seeking records in addition to (*i.e.,* "not limited to") "travel requests or invitations, travel briefings or memos, meetings, calendars, or schedules relating to such travel; travel authorizations; itineraries;   vouchers;   Department   Ethics   Office/Office   of   the   General   Counsel   approval;   and disposition of any gifts received or purchases made while on official travel."  *Id.*  Thus, the request seeks records "relating to" official travel beyond just the enumerated categories, and those additional categories that are encompassed are in no sense reasonably described.

| **FOIA REQUEST AS DRAFTED** | **AS REWRITTEN IN THE OPPOSITION** |
| --- | --- |
| 4.   "Building  visitor  logs  for  any  and  all visitors since 12:00pm on January 20, 2021 to the DHS headquarters building for meetings with Secretary Mayorkas or any officials in the Office of the Secretary." (ECF No. 1-1.) | 4. "[Subpart 4] seeks visitor's logs for persons who  visit  the  Department  of  Homeland Security  Headquarters  to  meet  with  the Secretary, or other Officials in the Office of the Secretary."  (Pl.'s Opp'n at 15.) |

Subpart 4, as drafted, seeks any and all visitor logs for any individuals who met with the Secretary or any officials in the Office of the Secretary.  ECF No. 1-1.  Plaintiff suggests that the

easiest way to identify the records sought by this request is "to look at the visitor's logs to see whether visitors indicated they were visiting a specific individual or office on the visitor log." Pl.'s Opp'n at 15.  But this request requires more from DHS because that is not the way it is written.  It requires DHS to identify everyone who counts as an official in the Office of the Secretary from January 20, 2021, to the present, identify everyone who met with those officials during that period, and then cross-check its visitors logs to identify those entries.  ECF No. 1-1.  If an individual intended to meet with one individual who did not qualify as an official in the Office of Secretary but ultimately met with a qualifying official, DHS would then need to disclose the applicable building visitor log.  A request that was limited to building visitor logs that display on their face that the visitor was meeting with the Secretary or with certain named individuals would be much closer to being proper than the request that Plaintiff actually made.

| **FOIA REQUEST AS DRAFTED** | **AS REWRITTEN IN THE OPPOSITION** |
|---|---|
| Catch-all.  "This request is not meant to exclude any other request that, although not specifically requested, are reasonably related to the subject matter of this request." (ECF No. 1-1.) | Catch-all.  "This language parallels the standard for assessing an agency's response to a FOIA request, which requires agencies to conduct a search that is reasonably calculated to find responsive records." (Pl.'s Opp'n at 12 n.2.) |

Due in part to the catch-all provision in Plaintiff's FOIA request, the entire request fails to reasonably describe the records sought.  To the extent that any one subpart of Plaintiff's FOIA request may be construed as reasonably specific, Plaintiff then drives a stake through its heart by expanding it to include any records that, "although not specifically requested, are reasonably related to the subject matter." ECF No. 1-1.  Plaintiff's only defense to this critical expansion of its request, which results in the request seeking not just those records enumerated, but rather any other record that is deemed to be "reasonably related" to the record sought, is that this language "parallels" FOIA's standard.  Pl.'s Opp'n at 12 n.2.  This is wrong.

"Under FOIA, an agency is only obligated to release nonexempt records if it receives a request that 'reasonably describes such records.'" *Evans v. Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020) (quoting 5 U.S.C. § 552(a)(3)(A)). This puts the onus on FOIA requesters to submit a FOIA request that reasonably describes the records sought; it does not mean that agencies must search for additional records that, while not specifically requested, might be viewed as "reasonably related" to the records that the requester in fact is seeking. *See id.* Thus, even if one subpart could be construed as a request that reasonably describes the records sought, this catch-all would still render this FOIA request improper, as it applies to each of the four subparts.

III.   <u>**This Issue Can and Should Be Resolved on a Motion to Dismiss.**</u>

Plaintiff attacks a red herring with gusto, urging that Defendant has not developed a factual record to support an argument that it has not advanced (namely, that the request is unduly burdensome). Pl.'s Opp'n (ECF No. 6) at 22–23. Whether a FOIA request "reasonably describes" the records sought "is a purely legal question of statutory interpretation," and "'there is no inherent barrier'" in resolving that legal question on a Rule 12(b)(6) motion to dismiss. *Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 274 (D.D.C. 2012), *aff'd*, 969 F.3d 406 (D.C. Cir. 2020) (quoting *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993)). As a result, whether a FOIA request reasonably describes the records sought should be resolved on a motion to dismiss. *Id.*

**CONCLUSION**

For the foregoing reasons, the Department respectfully requests that the Court grant its motion to dismiss.

\*      \*      \*

12

Dated: June 23, 2022                    Respectfully Submitted,

                                        MATTHEW M. GRAVES, D.C. Bar No. 481052
                                        United States Attorney

                                        BRIAN P. HUDAK
                                        Chief, Civil Division

                                        By:     /s/ *Douglas C. Dreier*
                                        DOUGLAS C. DREIER, D.C. Bar No. 1020234
                                        Assistant United States Attorney – Civil Division
                                        U.S. Attorney's Office for the District of Columbia
                                        601 D Street, N.W.
                                        Washington, D.C.  20530
                                        (202) 252-2551
                                        douglas.dreier@usdoj.gov

                                        *Counsel for Defendant*

13